FILED
NOV 28 2011
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

OPPENHEIMERFUNDS DISTRIBUTOR, INC.,

Plaintiff,

vs.

KENNETH LISKA,

Defendant.

CASE NO. 11-CV-1586 BEN (WMc)

**ORDER:**

**(1) GRANTING PRELIMINARY INJUNCTION**

**(2) DENYING MOTION TO COMPEL ARBITRATION**

[Docket Nos. 3, 11, 14]

Presently before the Court is Plaintiff's Amended[1] Motion for Preliminary Injunction (Docket No. 11) and Defendant's Motion to Compel Arbitration (Docket No. 14). For the reasons set forth below, the Amended Motion for Preliminary Injunction is **GRANTED** and the Motion to Compel Arbitration is **DENIED**.

## BACKGROUND

Plaintiff OppenheimerFunds Distributor, Inc. ("OFDI") is a member of the Financial Industry Regulatory Authority ("FINRA") and is a registered broker-dealer. (Zack Decl. ¶ 11.) OFDI is a distributor, or principal underwriter, of the Oppenheimer Champion Income Fund ("Fund"). (*Id.* ¶ 13.) OFDI enters into selling agreements with third parties, under which the third parties distribute shares of the Fund to individual investors. (*Id.* ¶¶ 14-15.) OFDI has a such a selling-agreement with LPL

---

[1] OFDI originally filed a Motion for Preliminary Injunction on July 20, 2011. (Docket No. 3.) This Motion was stricken by the Court on August 23, 2011, because the Motion contained Liska's full social security number and financial account numbers. OFDI filed an Amended Motion for Preliminary Injunction on August 23, 2011, which redacted this information. (Docket No. 11.)

Financial. (*Id.* ¶ 18.)

The Fund is a "Massachusetts business trust that is registered with the Securities and Exchange Commission as an open-end management investment company under the Investment Company Act of 1940." (Compl. ¶ 12.) The Fund's investment advisor is OppenheimerFunds, Inc. ("OFI"), which is responsible for managing and investing the Fund's assets and for furnishing employees to act as the Fund's officers. (Zach Decl. ¶¶ 7-9.) OFI is not a broker-dealer, and not a member of FINRA. (*Id.* ¶ 10.) The Fund's transfer agent is OppenheimerFunds Services ("OFS"), which is responsible for maintaining the Fund's books and records, for executing purchases, redemptions, transfers, and exchanges of shares, and for maintaining shareholders' accounts. (*Id.* ¶ 16.)

Defendant Kenneth Liska originally invested in the Fund's predecessor, Oppenheimer High Yield Fund ("High Yield Fund") in 1992, through Mr. Raymond K. Dexter, a broker at LPL Financial. (*Id.* ¶¶ 21-22; Hess Decl., Exh. B [Statement of Claim], at 8.) In 1996, 1997, and 1999, Liska acquired additional shares through LPL Financial and Mr. Dexter. (Zack Decl. ¶ 23.) In 2005, Liska asked OFS to remove LPL Financial and Mr. Dexter as the financial advisor associated with his account. (*Id.*, Exh. E.) Because Liska did not identify a replacement financial advisor, his account defaulted to a "house" account for which OFDI was recorded as the "broker of record" on the books and records of the Fund. (*Id.*) In 2006, the High Yield Fund merged with the Champion Fund. (*Id.* ¶ 21.)

Liska allegedly suffered $225,000 in losses as a result of his investment the Fund. (Hess Decl., Exh. B, at 8.) Liska brought an arbitration proceeding against OFDI before FINRA, entitled *Kenneth Liska v. OppenheimerFunds Distributor, Inc.* (FINRA Dispute Resolution Arbitration Number 11-01612). (*Id.*) In his Statement of Claim, Liska alleges that OFDI is responsible for his losses because the Fund's offering documents contained material misrepresentations and the Fund's portfolio managers mismanaged the Fund. (*Id.* at 2-7.)

The present action was filed on July 19, 2011. In the Complaint, OFDI seeks a declaratory judgment that the claims Liska asserted against OFDI in the FINRA arbitration proceeding are not arbitrable. OFDI filed an Amended Motion for Preliminary Injunction on August 23, 2011. Liska filed a Motion to Compel Arbitration on September 15, 2011. Being fully briefed, the Court finds the Motions suitable for determination on the papers without oral argument, pursuant to Civil Local Rule

7.1.d.1.

## DISCUSSION

### I. Motion for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

#### A. Likelihood of Success on the Merits

FINRA arbitrations are governed by the National Association of Securities Dealers ("NASD") Code of Arbitration Procedure. Rule 12200 of the Code states:

> Parties must arbitrate a dispute under the Code if:
> • Arbitration under the Code is either:
> (1) Required by a written agreement, or
> (2) Requested by the customer;
> • The dispute is between a customer and a member or associated person of a member; and
> • The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

NASD Code Arb. Proc. 12200. Under the Code, therefore, "customers" can compel registered members of FINRA to arbitrate certain disputes even when there is no arbitration agreement. *See id.*; *Goldman Sachs & Co. v. Becker*, No. C 07-1599 WHA, 2007 WL 1982790, at *5 (N.D. Cal. July 2, 2007).

Here, OFDI does not dispute that it is a member of FINRA, and bound by the NASD Code. Liska does not assert that he entered into a written arbitration agreement with OFDI. Therefore, this dispute hinges on whether Liska is a "customer" of OFDI and whether the dispute "arises in connection with the business activities" of OFDI. Both of these prongs must be met for the dispute to be arbitrable. *See John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 58-59 (2d Cir. 2001).[2]

---

[2] *Wilson* addresses NASD Rule 10301. "Rule 12200 of the Code is an amended version of former Rule 10301 that went into effect on April 16, 2007. The cases interpreting and applying Rule 10301 apply with equal force to Rule 12200, as the amendment did not effect any substantive

The Court will first consider whether Liska is a "customer" of OFDI. The NASD Code provides only that the term "customer shall not include a broker or dealer." NASD CODE ARB. PROC. 12100(i); *Herbert J. Sims & Co., Inc. v. Roven*, 548 F. Supp. 2d 759, 763 (N.D. Cal. 2008). The Ninth Circuit has not defined this term, making it necessary to look to decisions from other district courts in this Circuit or out-of-circuit cases. In general, courts have held that the term "customer" should not be too narrowly construed, nor should the definition upset the reasonable expectations of FINRA members. *See Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 357 (2d Cir. 1995); *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 820 (11th Cir. 1993).

An investor is likely a customer of a member firm if the investor invests directly with the firm. *See Oppenheimer*, 56 F.3d at 357. An investor is also a customer of a member firm if an "associated person" of the member firm solicits an investor to invest funds with the member. *See id.*; *Wilson.*, 254 F.3d at 59 (holding that a customer relationship with an associated person is sufficient to establish a customer relationship with the member firm). When the relationship between the parties is more tenuous, the court should determine whether there is "some brokerage or investment relationship between the parties." *See Fleet Boston Robertson Stephens, Inc. v. Innovex, Inc.*, 264 F.3d 770, 772 (8th Cir. 2001).

Applying these principles to the present case, the Court finds that Liska was not a customer of OFDI. Liska's account in the Fund was maintained by OFS, which prepares the books and records of the Fund and account statements for Fund investors. (Zack Decl. ¶¶ 16, 20.) OFS is a division of OFI, the Fund's Investment Advisor; it is not a part of OFDI and not a FINRA member. (*Id.* ¶¶ 16-17.) In addition, purchases of Champion Fund shares by an investor, such as Liska, are recorded directly on the books of the Fund. (*See id.* ¶¶ 16, 20.) Liska did not communicate directly with OFDI at the point of sale. (*Id.* ¶ 15.) Rather, Liska likely spoke to his financial advisor, Mr. Dexter, at LPL Financial. (*See* Hess Decl., Exh. B, at 8.) Although Liska's "broker of record" defaulted to OFDI after Liska asked OFS to remove Mr. Dexter and LPL Financial from his account, OFDI's role as "broker of record" was limited to facilitating additional purchases of Fund shares. (Zack Decl. ¶ 26.) Liska, however, never purchased additional Fund shares after Mr. Dexter and LPL Financial were removed

change to the rule." *Herbert J. Sims & Co., Inc. v. Roven*, 548 F. Supp. 2d 759, 763 n.2 (N.D. Cal. 2008).

from the account. (*Id.* ¶ 27.)

Although OFDI entered into a Broker Agreement with LPL Financial that allowed LPL Financial and its registered representatives to sell shares of the Fund to their customers, OFDI had no control over LPL Financial's representatives, such as Mr. Dexter, and the Broker Agreement did not make OFDI responsible for any advice those representatives provided to their customers. (*Id.* ¶¶ 15, 19.) The Broker Agreement states that OFDI is "in no way responsible for the manner of [LPL Financial's] performance of, or for any of [LPL Financial's] acts or omissions in connection with, the services [LPL Financial] provide[s]." (*Id.* ¶ 19.) In addition, the Broker Agreement states that "[n]othing" in the agreement "shall be construed to constitute [LPL Financial] or any of [its] agents, employees or representatives as the agent or employee of [OFDI] or [the Fund]." (*Id.*) Investors like Liska "do not qualify as 'customers' under Rule 12200 by virtue of being 'customers of a customer.'" *Interactive Brokers, LLC v. Duran*, No. 08-cv-6813, 2009 WL 393827, at *5 (N.D. Ill. Feb. 17, 2009); *Charles Schwab & Co., Inc. v. Reaves*, No. CV-09-2590-PHX-MHM, 2010 WL 447370, at *5 (D. Ariz. Feb. 4, 2010); *Brookstreet Sec. Corp. v. Bristol Air, Inc.*, No. C 02-0863 SI, 2002 U.S. Dist. Lexis 16784, at *26 (N.D. Cal. Aug. 5, 2002).

First, Liska argues that he "held" Champion shares with OFDI from January 2005 to at least 2010, and that he received account statements from OFDI. On the contrary, Liska's Champion Fund shares are not held in OFDI's name; Liska's shares are uncertificated shares that are held directly in Liska's name on the books and records of the Fund. (Zack Suppl. Decl. ¶ 4.) Because no stock certificates were issued and the shares are registered in Liska's own name on the books and records of the Fund, no broker-dealer "holds" Liska's shares. (*See id.* ¶ 3-5.) In addition, Liska's account statements were sent by OFS, not OFDI. (*See id.* ¶ 6.) The statements reflect information on the Fund's books and records; they do not relate to any accounts maintained on the books and records of OFDI. (*See id.*) Liska did not have an account with OFDI. (*Id.*)

Second, Liska argues that he "purchased" his Champion Fund shares through OFDI in October 2006 due to the High Yield Fund/Champion merger. As a tax-free reorganization under the Internal Revenue Code, however, the merger was effected directly by the High Yield and Champion Funds themselves, meaning that OFDI was not involved. (*See id.* ¶ 10.) No broker-dealer was involved in this acquisition of Champion Fund shares through the merger. (*See id.*) Rather, records of ownership

on the books and records of the High Yield Fund were transferred directly to the books and records of the Champion Fund. (*Id.*) In addition, Liska cites *SEC v. National Securities, Inc.*, 393 U.S. 453, 467 (1969), *Realmonte v. Reeves*, 169 F.3d 1280, 1285 (10th Cir. 1999), and *7547 Corporation v. Parker & Parsley Development Partners, L.P.*, 38 F.3d 211, 223 (5th Cir. 1994), for the proposition that an exchange of shares between two entities pursuant to a merger constitutes a "purchase" in connection with federal securities laws. The authorities Liska cites, however, concern whether dividend reinvestments may be considered "purchases" for the purposes of analyzing whether an investor has standing to sue under the federal securities laws. *See Nat'l Sec.*, 393 U.S. at 467; *Realmonte*, 169 F.3d at 1285-86; *7547 Corp.*, 38 F.3d at 223-24. These cases are inapposite here.

Third, Liska argues that he reinvested his dividends each month through OFDI. These dividend reinvestments, however, were stock dividends recorded on the books and records of the Fund by the Fund's transfer agent, OFS. (*See* Zack Decl. ¶ 28; Zack Supp. Decl. ¶ 13.) OFDI had no involvement in these transactions. (*See* Zack Decl. ¶ 28; Zack Supp. Decl. ¶ 14.)

Fourth, Liska argues that he redeemed Champion Fund shares through OFDI, and OFDI was responsible for sending Liska monthly checks when he sold numerous shares each month. On the contrary, OFS, the Fund's transfer agent, is responsible for executing redemption requests. (*See* Zack Decl. ¶ 16; Zack Suppl. Decl. ¶ 16.) In addition, OFS is responsible for sending redemption checks to investors, and the checks are drawn on the transfer agent's bank account. (*See* Zack Suppl. Decl. ¶¶ 16-17.)

Liska is not a customer of OFDI. As this issue is dispositive, the issue of whether Liska's claims arise in connection with OFDI's business activities need not be addressed. OFDI has shown a likelihood of success on the merits of its argument that Liska's claims are not subject to arbitration under Section 12200.

### B. Likelihood of Irreparable Harm

OFDI has established a likelihood of irreparable harm. As discussed above, OFDI has established that it is likely not subject to arbitration under Section 12200. If OFDI were wrongly compelled to arbitrate, OFDI would have no adequate remedy at law to recover the money and resources it would spend in defense of the arbitration. *See Textile Unlimited, Inc. v. A..BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001); *Wachovia Sec., LLC v. Raifman*, No. C 10-04573 SBA, 2010

WL 4502360, at *10 (N.D. Cal. Nov. 1, 2010); *Roven*, 548 F. Supp. 2d at 766.

Liska argues that the monetary cost of arbitration does not impose legally recognizable irreparable harm, citing *Emery Air Freight Corp. v. Local Union 295*, 786 F.2d 93, 100 (2d Cir. 1986). *Emery Air*, however, applies to labor disputes, and arbitration is the "preferred method for resolving labor disputes." *Id.* at 100. Outside of the organized labor context, the Second Circuit has held that forcing a party to arbitrate when it has not agreed to do so may constitute irreparable injury. *See, e.g.*, *Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129 (2d Cir. 2003).

**C. Balance of Equities**

The balance of equities tips in favor of granting the preliminary injunction. If a preliminary injunction were not granted, OFDI would be forced to spend time and resources to defend itself in an arbitration proceeding to which it may later be determined to not have been a proper party. *See Reaves*, 2010 WL 447370, at *8; *Tellium, Inc. v. Corning Inc.*, No. 03 Civ. 8487 (NRB), 2004 WL 307238, at *8 (S.D.N.Y. Feb. 13, 2004). Allowing such an arbitration proceeding to proceed would not benefit Liska, as the arbitration award may ultimately be set aside by the Court. *See Reaves*, 2010 WL 447370, at *8; *Tellium*, 2004 WL 307238, at *8. On the other hand, a preliminary injunction would simply maintain the status quo until this action is resolved. *See Tellium*, 2004 WL 307238, at *8. The granting of a preliminary injunction would not harm Liska's interest, as he seeks only money damages. *See id.* In addition, Liska may pursue his claims in a court of competent jurisdiction. *See Raifman*, 2010 WL 4502360, at *10.

Liska argues that his injury "caused by a delay [of the arbitration proceeding] is just as great, if not greater, than any injury caused to OFDI in proceeding with arbitration" because Liska is an elderly man in his eighties. (Opp. at 12.) This argument, however, assumes that arbitration is the proper forum for his claims. The Court has found that Liska's claims are likely not arbitrable. Consequently, allowing such an arbitration proceeding to proceed would not benefit Liska, as the arbitration award may be ultimately set aside by the Court, as discussed above.

**D. The Public Interest**

The public interest weighs in favor of granting the preliminary injunction. Liska argues that there is a strong federal policy to enforce arbitration agreements pursuant to the Federal Arbitration Act, citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and *AT&T*

*Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011). Although this is true, the Supreme Court has "never held that this policy overrides the principle that a court may submit to arbitration only those disputes that the parties have agreed to submit." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2859 (2010) (internal quotation marks omitted). "[T]he FAA does not require parties to arbitrate when they have not agreed to do so." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989). As explained above, Liska is not a "customer" of OFDI, and therefore OFDI did not agree to submit to arbitration of Liska's claims.

All of the factors weigh in favor of granting an injunction. Accordingly, OFDI's Motion for Preliminary Injunction is **GRANTED**. As Liska does not request that bond be posted or present any evidence that he will suffer damages if the preliminary injunction is granted, bond is waived. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882-83 (9th Cir. 2003).

## II. MOTION TO COMPEL ARBITRATION

Liska moves to compel arbitration, for the same reasons he opposes OFDI's Motion for Preliminary Injunction. For the reasons stated above, Liska's Motion to Compel Arbitration is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Motion for Preliminary Injunction is **GRANTED** and the Motion to Compel Arbitration is **DENIED**. It is hereby **ORDERED** that, pending final resolution of this action, Liska is **RESTRAINED** and **ENJOINED** from pursuing his claims against OFDI in FINRA Dispute Resolution Arbitration Number 11-01612.

**IT IS SO ORDERED.**

DATED: November 28, 2011

HON. ROGER T. BENITEZ
United States District Court Judge